January 10, 1910.

No. 4845.

(Court of Appeal, Parish of Orleans.)

## MRS. ODILE MIDDLETON vs. METROPOLITAN LIFE INSURANCE COMPANY.

F. A. Middleton for plaintiff and appellant.

F. B. Smith, Howe, Fenner, Spencer & Cocke for defendant and appellee.

ST. PAUL, J.—Hyram Middleton married Elmira Thompson December 23, 1886. Of this marriage one child was born, George Middleton, now aged about 19 years.

Odelia Haywood was married to Joseph White, Jr., on February 12, 1891.

All of the above parties are still living except Hyram Middleton. They were none of them ever divorced.

On June 30, 1902, Hyram Middleton insured his life in the Metropolitan Life Insurance Co. for $310.00 in favor of "Odile Middleton, his wife."

On April 23, 1907, the aforesaid Hyram Middleton married one Odeal or Odile White, the said Odile White being the same Odile Haywood who had previously been married to Joseph White, Jr.

On October 7, 1907, Hyram Middleton again insured his life in the same company for the sum of $260.00 always in favor of "Odile Middleton, his wife."

On April 18, 1908, Hyram Middleton died and the insurance money was claimed by the two women whom he had married. The company, to release itself, deposited the amount of both policies in the registry of the court.

This is a controversy between the two women, each claiming to be entitled to the amount so deposited. The minor, George Middleton, is not a party to the controversy. There was judgment in the District Court rejecting the claim of Odile Haywood, or White, awarding the whole amount to Elmira Thompson. The former appeals.

In our opinion, neither is entitled to the whole amount.

Elmira Thompson is neither the beneficiary named in the policy, nor the heir of Hyram Middleton. She, therefore, can take no part of the proceeds of the policy.

If no beneficiary be named in the policy, or if for any reason the beneficiary cannot take the proceeds thereof, these fall into the succession of the assured, and inure to the benefit of his heirs.

On the other hand, when the first policy was taken out by Hyram Middleton, the beneficiary therein named, "Odile Middleton, his wife," was simply a fiction, the person intended being Odile White, his concubine. Even when the second policy was taken out by him, the doubly bigamous marriage, which he had contracted with the same Odile White in no way changed her position from that of concubine to that of wife.

Under the jurisprudence as we read it, a man may not insure his life in favor of his concubine. If he do so it will be regarded as a donation and reduced to the tenth part of his total estate **(Life Ins. Co. vs. Neal, 114 La. 652)**, and, of course, she will be entitled to the return of the premiums paid by her with interest. **(Houchins vs. Ins. Co., 52 An. 1137.)** The balance remaining will be distributed as part of the succession.

The ruling in **Succession of Johnson, 115 La. 20,** does not affect the general principle. That was a case **sui generis;** the deceased had neither wife nor child, there was no impediment to a marriage between the parties had they seen fit to contract one; the policy provided that the premium should be paid by the concubine and she had paid them all; she had been, not only concubine, but faithful nurse and serving woman to the deceased; she had assumed the funeral expenses and pledged the policy to secure their payment; the whole amount of the policy was only $180.00, and the other claimants were collateral heirs who had taken no interest whatsoever in the deceased, except to claim his succession. Under these circumstances the Supreme Court ruled that **"in this case"** the concubine was entitled to the full amount of the policy But these circumstances show that there was very little in the shape of gratuity so far as she was concerned.

The case before us presents none of the unusual features of the **Johnson case.**

We are of opinion that the judgment of the District

Court should be avoided and set aside and the case remanded with instructions to have the minor George Middleton made a party. And when this is done the plaintiff, Odile White, should be allowed, out of the proceeds of the policy, an amount equal to one-tenth of the estate of the deceased, and, also, the premiums paid by her, with legal interest thereon. The balance remaining thereafter should be paid over to the said George Middleton, if emancipated, or to his tutor when one is appointed. The claim of the intervenor, Elmira Thompson, should be rejected.

We make this disposition of the case under the authority vested in all courts, to protect the interests of minors when such interests are in jeopardy and the minors are not represented.

For the reasons assigned it is now ordered that the judgment appealed from be annulled and set aside and that the case be remanded to the District Court to be proceeded with in accordance with the views herein expressed, the appellee Elmira Thompson to pay costs of appeal and the costs of the district court to await the final disposition of the cause.